UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:10-cr-102-T-30TBM

**UNITED STATES OF AMERICA**

-vs-                                           18 November 2010
                                                    9:55 a.m.
**NURULLAH YILDIRIM,**                          Courtroom 14A

          Defendant.
------------------------/

TRANSCRIPT OF PROCEEDINGS
*(SENTENCING HEARING)*
**BEFORE THE HONORABLE JAMES S. MOODY, JR.,
UNITED STATES DISTRICT COURT JUDGE**

<u>APPEARANCES</u>

**For the Government:    MARIA CHAPA LOPEZ, ESQUIRE**
                         *Assistant United States Attorney*
                         *United States Attorney's Office*
                         400 North Tampa Street
                         Suite 3200
                         Tampa, Florida 33602
                         Phone: (813) 274-6353
                         Fax: (813) 274-6125
                         maria.chara@undoj.gov

**For the Defendant:     DARLENE C. BARROR, ESQUIRE**
                         *Law Office of Darlene C. Barror*
                         2807 Roberts Lake Place
                         Tampa, Florida  33614
                         Phone:  (813) 877-6970
                         Fax:  (813) 879-2610
                         dcbarror@aol.com

*(appearances continued on next page)*

STENOGRAPHICALLY REPORTED
COMPUTER-AIDED TRANSCRIPTION

ALSO PRESENT          **NURULLAH YILDIRIM (Defendant)**
                      OZER OZKAYA (Court Interpreter)
                      MOLLY MINES (Probation Officer)
                      SARA BOSWELL (Courtroom Deputy Clerk)
                      FRANK DOHERTY (Court Security Officer)

REPORTED BY           SHERRILL L. JACKSON, RPR, FPR
                      *Federal Official Court Reporter*
                      801 North Florida Avenue
                      Suite 13A
                      Tampa, Florida 33602
                      Phone:  (813) 301-5041

### *INDEX TO PROCEEDINGS*

                                                          Page

CERTIFICATE OF REPORTER..................................18

### *INDEX TO EXHIBITS*

(None offered or received)

```
 1                    P R O C E E D I N G S       (9:55 a.m.)
 2              THE COURT:  Swear the interpreter, please.
 3              (The interpreter was duly sworn or affirmed and
 4    responded as follows:)
 5              THE INTERPRETER:  I do.
 6              THE CLERK:  Thank you.  Would you please state
 7    your full name and spell your first and last name for the
 8    record.
 9              THE DEFENDANT:  Ojer, O-J-E-R; last name,
10    O-Z-K-A-Y-A.
11              THE CLERK:  Thank you.
12              THE COURT:  Is there some confusion about the
13    sentencing this morning?
14              THE INTERPRETER:  Yes, Your Honor.  I went to 15B,
15    and that case was continued.  And I left the building
16    actually.
17              THE COURT:  Okay.
18              THE INTERPRETER:  It was misinformation.
19              THE COURT:  Swear the Defendant, please.
20              THE CLERK:  Sir, please raise your right hand.
21              (The Defendant was duly sworn or affirmed through
22    the interpreter and responded as follows:)
23              THE DEFENDANT:  (through interpreter) I do.
24              THE CLERK:  Please be seated.
25              (Defendant seated.)
```

1    THE CLERK:  Would you please state your full name

2  and spell your first and last name for the record.

3    THE DEFENDANT:  (through interpreter) Nurullah

4  Yildirim.  I cannot recall it in English.  I cannot spell it

5  in English.

6    THE COURT:  Do you recognize the correct spelling

7  of your name in English if you see it?

8    THE DEFENDANT:  (through interpreter) Yes.

9    THE COURT:  Would you show him the presentence

10  report.

11    MS. BARROR:  Yes, Your Honor.

12    THE COURT:  Just look at it and tell me if that's

13  spelled correctly in the presentence report.

14    THE DEFENDANT:  (through interpreter) Correct.

15    THE COURT:  All right.  Thank you.  You may have a

16  seat.

17    Mr. Yildirim, on June 10th, 2010, a jury found you

18  guilty of Counts 1 and 2 of the indictment charging you with

19  conspiracy to possess with intent to distribute 5 kilograms

20  or more of cocaine while on board a vessel subject to the

21  jurisdiction of the United States, in violation of Title 46,

22  United States Code, Section 70503(a)(1), 70506(a) and (b),

23  and Title 21, United States Code, Section 960(b)(1)(B)(ii),

24  and aiding and abetting to possess with intent to distribute

25  5 kilograms or more of cocaine while on board a vessel

1  subject to the jurisdiction of the United States, in

2  violation of Title 46, United States Code, Section 70503(a),

3  70506(a), 18 United States Code, Section 2, and 21

4  United States Code, Section 960(b)(1)(B)(ii).

5          The Court has adjudged you guilty of those

6  offenses.  We've now reached the stage in the proceedings

7  where its my duty to address certain questions to you and

8  your lawyer, as well as the lawyer for the Government.

9          Have you had the opportunity to read and discuss

10 the presentence report?

11         THE DEFENDANT:  (through interpreter) I do.

12         THE COURT:  Are the facts contained in the report

13 accurate?

14         THE DEFENDANT:  (through interpreter) Not all of

15 them.

16         THE COURT:  All right.  Tell me what objections

17 you have to the factual accuracy of the report.

18         THE DEFENDANT:  I gave those to my attorney.

19         THE COURT:  Miss Barror, you want to tell me what

20 facts he objects to?

21         MS. BARROR:  Yes, Your Honor.  There is a global

22 objection to the fact that he did not willingly participate

23 in the transportation of the cocaine; but in addition to

24 that, there are specific objections to Paragraph 14, 19, 20,

25 21, 22, 27, 35, 38, and 82 in which the -- the Defendant's

```
1   position is that he should not receive a two-level
2   enhancement for obstruction of justice, that he did utilize
3   his constitutional right to testify, that he did not make
4   false statements, and that the only witness against him is
5   someone that obviously has pled to the drug conspiracy and a
6   criminal, and that he never made any threats to this
7   individual basically knowing very little Spanish and broken
8   English and that any -- perhaps there was some
9   misunderstanding, but there was never any effort made to
10  obstruct justice, intimidate a witness, threaten a witness,
11  or unlawfully influencing that witness.
12           THE COURT:  All right.  Well, basically his
13  objection to the facts in the presentence report is that he
14  stands by his trial testimony and says that his version of
15  the facts is correct; is that correct --
16           MS. BARROR:  Yes, sir.
17           THE COURT:  -- and denies that he threatened
18  Mr. Ledesma?
19           MS. BARROR:  That's correct, Your Honor.
20           THE COURT:  Does he admit the accuracy of the
21  other facts?
22           MS. BARROR:  Yes, sir.
23           THE COURT:  Well, I deny that objection.  I heard
24  his testimony at trial, and the jury heard his testimony at
25  trial and found that they were not credible and found him
```

1 guilty of the offense.

2     Does he have any objections to the probation

3 officer's application of the guidelines?

4     MS. BARROR:  Yes, Your Honor.  Our objection to

5 the guideline calculation is our objection to the only

6 enhancement, which results in a two-level increase, and we

7 believe that the guideline offense level should be 40

8 instead of 42 based upon the fact that -- I know the Court

9 just did rule that the Court heard the testimony in court

10 and did not believe it to be accurate.

11     It's difficult to tell what part of that

12 enhancement goes through to the threat issue, that he is

13 again objecting to the idea that he was never threatened by

14 Ledesma.

15     THE COURT:  All right.  Well, I did hear his trial

16 testimony and I agree with the jury that it was not

17 credible.  Specifically, it's just not plausible that a drug

18 cartel would kidnap two individuals on the their own

19 sailboat and only leave one guard to guard two men.

20     The guard's got to sleep at one time, and it's

21 just not reasonable that they would leave one person to

22 guard two people, plus a radio.

23     Therefore, I find that the objection to the

24 obstruction-of-justice increase is appropriate.

25     Anything further?

1          MS. BARROR:  Just argument, Your Honor.

2          THE COURT:  Okay.  We'll get to that in a minute.

3          The Court accepts the statements and the guideline

4   applications as contained in the presentence report as its

5   findings of fact and determines that the advisory guidelines

6   are Total Offense Level 42, Criminal History Category I,

7   which calls for imprisonment of 360 months to life,

8   supervised release of five years, a fine of $25,000 to

9   $8 million, and a $200 special assessment.

10         Mr. Yildirim, would you like to say anything or

11  present any information in mitigation of the sentence?

12         THE DEFENDANT:  What did you mean?

13         THE COURT:  Well, this is your opportunity to say

14  something to me, if you wish.  You're not required to say

15  anything.

16         THE DEFENDANT:  (through interpreter) I did not

17  threaten anybody.  I didn't -- I did not threaten him.

18  They've threatened us.  I've not threatened anybody,

19  including them.

20         THE COURT:  Anything further?

21         THE DEFENDANT:  (through interpreter) Nothing

22  further.

23         THE COURT:  Miss Barror, this is your opportunity

24  to say anything, if you wish.

25         MS. BARROR:  Yes, Your Honor.  Thank you.

1  Your Honor, I know that the Court witnessed all of the
2  testimony; and, of course, I was not trial counsel, but I
3  have reviewed the transcripts.  And, Your Honor, looking at
4  this case in the -- in the light that is probably most
5  beneficial to the Government, I don't believe that this case
6  is any -- unlike any other go-fast boat case in which
7  there's a transportation of cocaine.
8       This individual has no prior criminal history.
9  There's nothing that I know of to indicate he has ever done
10 this before.
11      Your Honor, I know that the guideline range is
12 very high.  However, there was no violence in this case.
13 There is no repeat offender here.  Mr. Yildirim was the
14 captain of the sailboat, so I know that the Court does not
15 need to look at this; but our position, Your Honor, based
16 upon the facts of this case, is that a sentence in the range
17 of 10 to 12 years is sufficient to punish this individual
18 for the crime that the Government showed to the jury that he
19 had committed.
20      I can think of no reason, Your Honor, to penalize
21 this Defendant any more than that.  I know that there were
22 language issues from the beginning that perhaps might have
23 indicated that he might not be as cooperative as perhaps he
24 would have wanted to have been and had misunderstandings
25 with Ledesma, perhaps because of that language issue, but he

1 is not a dangerous individual.  He has a family.  It looks

2 like he has earned a completely productive living his whole

3 life.

4          He has, of course, had a sea-faring career, but

5 there's no indication there's ever been other drug-smuggling

6 adventures.  So, Your Honor, it is our position that under

7 *Booker* that a sentence of 10 to 12 years would be sufficient

8 for this particular individual to meet all of the statutory

9 requirements of punishment but not to be excessive.

10          THE COURT:  Well, there was some indication at

11 trial that he may have been on prior trips.

12          MS. BARROR:  Your Honor, I -- I understand those

13 suggestions.  I don't think there was any proof of that, but

14 obviously the Court was in a better position to analyze the

15 credibility of the witnesses when that testimony was

16 presented.

17          THE COURT:  All right.  What says the Government?

18          MS. CHAPA LOPEZ:  Your Honor, a ten- to 12-year

19 sentence in this case is not a reasonable sentence for this

20 individual.

21          In similar cases, the Court's well aware that a

22 captain normally ends up with a sentence at the low end of

23 the guideline range of 168 months, Your Honor, and that's

24 after the captain of a vessel has accepted responsibility

25 and has truthfully debriefed and been awarded the safety

valve.

This Defendant has done neither and maintains that
he was -- maintains his original story that he was out there
on vacation; and as the Court correctly pointed out, there
is no prior criminal history that is available for the Court
to consider; but during the trial, there was testimony that
he may have been involved in previous trips, and the Court
can also conclude that because he was hired to be the
captain of this vessel, he was a trusted transporter.  You
don't become a trusted transporter of this amount of
cocaine, 900 kilos of cocaine, and millions of dollars worth
of cocaine if you have not been proven to have been
successful in the past.

A -- a guideline range, Your Honor, is appropriate
in light of the -- in light of the obstruction of justice,
in light of the lack of acceptance of responsibility, in
light of the fact that he has not received the safety valve,
and he has not truthfully debriefed.

There may have been language barriers, Your Honor,
but it was clear from the beginning when his rights were
read to him in his own language that he invoked his rights
to an attorney, and that's acceptable -- I mean, that's
perfectly okay.  No questions were asked.  He could have
come back and said, "I would like to now speak" once he had
an attorney, and he did not.

1    He maintained his position, went to trial, told

2 his story, and here we are today, Your Honor.  So, to award

3 him a sentence to -- in the ten- to 12-year guideline range

4 when other individuals who fully cooperate, accept

5 responsibility, and truthfully debrief as captains of the

6 vessel get 168 months and even crew members often get 135

7 months would not be a reasonable sentence in this case,

8 Your Honor.

9    THE COURT:  What's your position about the

10 guidelines, 30 years to life?

11    MS. CHAPA LOPEZ:  Your Honor, the Government

12 believes that a 30-year sentence would be a reasonable

13 sentence in light of the nature of the activities that he

14 was involved in, considering the fact that he has not

15 accepted the responsibility of his participation; and if he

16 were to be released any time soon, he'd probably -- the

17 Government's position is he'd go right back to doing what he

18 was doing and he would pose a danger to the community.

19    THE COURT:  Anything further, Miss Barror?

20    MS. BARROR:  Just the facts that are laid out in

21 the sentencing memorandum, Your Honor.

22    THE COURT:  Okay.  You know of any reason why the

23 Court should not now proceed with imposition of a sentence?

24    MS. CHAPA LOPEZ:  Not from the Government,

25 Your Honor, no.

1          MS. BARROR:  No, Your Honor.

2          THE COURT:  The Court has asked the Defendant why

3    judgment should not now be pronounced and has heard no cause

4    to the contrary.

5          THE INTERPRETER:  Your Honor, can you repeat it,

6    please?

7          THE COURT:  The Court has asked the Defendant why

8    judgment should not now be pronounced and has heard no cause

9    to the contrary, and Mr. Yildirim having made a statement on

10   his behalf, along with his lawyer, and the Court having

11   reviewed the presentence report and considered the factors

12   of 81 USC, Section 3553, and the advisory guidelines, it is

13   the judgment of the Court that the Defendant, Nurullah

14   Yildirim, is hereby committed to the custody of the Bureau

15   of Prisons, to be imprisoned for a term of 186 months.

16          This term consists of terms of 186 months on each

17   of Counts 1 and 2, with the terms running concurrently.  The

18   Court has varied downward from the advisory guideline

19   because it considers the sentence of 186 months to be more

20   appropriate given the factors of 18 USC, Section 3553, and

21   is sufficient to punish this Defendant for the criminal acts

22   he committed in this case.

23          Upon release from imprisonment, the Defendant

24   shall serve a five-year term of supervised release.  This

25   term consists of a five-year term as to each Counts 1 and 2

1  with the terms running concurrently.  While on supervised

2  release, the Defendant shall comply with the standard

3  conditions adopted by the Court in the Middle District of

4  Florida.  As a special condition, if the Defendant is

5  deported, he shall not re-enter the United States without

6  the express permission of the appropriate governmental

7  authority.

8         The Defendant shall cooperate in the collection of

9  DNA as directed by the probation officer.

10         The mandatory drug-testing requirements of the

11  Violent Crime Control Act are waived.

12         Based on the financial status of the Defendant,

13  the Court waives imposition of a fine.

14         It is ordered that the Defendant pay to the

15  United States a special assessment of $200, which is due

16  immediately.

17         The Court finds that the sentence complies with

18  the purposes of sentencing set forth in 18 USC, Section

19  3553.

20         The Court having pronounced sentence, does counsel

21  for the Defendant or the Government have any objection to

22  the sentence or to the manner in which the Court pronounced

23  sentence other than those previously stated for the record?

24         MS. CHAPA LOPEZ:  Just those previously stated for

25  the record, Your Honor.

1          MS. BARROR:  No additional objections, Your Honor.

2          THE COURT:  The Defendant is hereby remanded to

3   the custody of the United States Marshal to await

4   designation by the Bureau of Prisons.

5          MS. BARROR:  I'm sorry, Your Honor.  The Defendant

6   was speaking to me.  He has requested that he be housed in

7   Miami, but his actual most important request, Your Honor --

8   and I don't know if there's anything the Court can do about

9   that -- he would very much like to be with his cousin, who

10  is being sentenced next, because of the fact that it's so

11  unusual to find people that speak Turkish.

12         THE COURT:  I will recommend Miami, and I will

13  recommend that he be placed with his cousin.

14         MS. BARROR:  Thank you, Your Honor.

15         THE COURT:  Does he have the Declaration of Intent

16  to Appeal form?

17         MS. BARROR:  Yes, sir, we do.

18         THE COURT:  Mr. Yildirim, that form states whether

19  you do or do not wish to file an appeal.  I'm going to ask

20  the Turkish interpreter to translate it for you right now.

21         Would you read that to him, please.

22         THE INTERPRETER:  Yes, sir.

23         THE COURT:  Have you read the form to him?

24         THE DEFENDANT:  Yes, sir.

25         THE INTERPRETER:  Yes, sir.

```
1            THE COURT:  Mr. Yildirim, do you understand the
2    form?
3            THE DEFENDANT:  (through interpreter) Yes, sir.
4            THE COURT:  You have the right of appeal from the
5    judgment and sentence within 14 days from today.  Failure to
6    appeal within the 14-day period will be a waiver of your
7    right to appeal.  That form that I gave you states whether
8    you do or do not wish to file an appeal.
9            I direct you to complete the form and mail it into
10   the Clerk's Office at the end of the 14-day appeal period.
11   We have given you a self-addressed, stamped envelope in
12   which you can mail the form to the Clerk's Office.  If you
13   do not return the form, I will accept that as an
14   acknowledgment that you do not wish to file an appeal and
15   that that was an informed and voluntary choice on your part.
16   The Government also has a right to file an appeal from this
17   sentence.
18           You're advised that you're entitled to the
19   assistance of a lawyer when taking an appeal; and if you are
20   unable to afford a lawyer, one will be provided for you.  If
21   you're unable to afford the filing fee, the Clerk of the
22   Court will be directed to accept the notice of appeal
23   without such fee.
24           Miss Barror, I hope you will meet with him and
25   explain to him what the guideline sentence calls for --
```

```
 1          MS. BARROR:  Yes, Your Honor, I will.

 2          THE COURT:  -- and what sentence he actually

 3  got --

 4          MS. BARROR:  Yes, sir.

 5          THE COURT:  -- and that if he is apprehended again

 6  and doing this sort of thing, that the next judge is not

 7  likely to be as lenient as I was.

 8          MS. BARROR:  Yes, sir.  Thank you.

 9          THE COURT:  Thank you.  We're adjourned on the

10  case of Mr. Yildirim.

11          (Adjourned at 10:23 a.m.)

12                          - - - - -

13

14

15

16

17

18

19

20

21

22

23

24

25
```

CERTIFICATE OF REPORTER

I, SHERRILL L. JACKSON, Federal Official Court Reporter for the United States District Court, Middle District of Florida, Tampa Division,

DO HEREBY CERTIFY, that I was authorized to and did, through use of Computer-Aided Transcription, report in shorthand the proceedings and evidence in this cause, as stated in the caption on page 1 of this transcript, and that the foregoing pages numbered 1 to 18, inclusive, constitute a true and correct transcription of my shorthand report of said proceedings and evidence.

IN WITNESS WHEREOF I have hereunto set my hand this 28th day of January, 2011.

*s/Sherrill L. Jackson*

_____

SHERRILL L. JACKSON, RPR, FPR
Federal Official Court Reporter